UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA,
ALEXANDRIA DIVISION

NORTHERN VIRGINIA CITIZENS
ASSOCIATION, INC.,

       *Plaintiff*,

 v.

THE FEDERAL HIGHWAY
ADMINISTRATION, *et al.*,

       *Defendants*.

Case No. 1:23-cv-000356-LBM-IDD

## PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff Northern Virginia Citizens Association ("NOVA") moves pursuant to Fed. R. Civ. P. Rule 65 and Local Rule 7 for entry of a Preliminary Injunction to prevent irreparable damage from the unlawful destructive road construction project now underway to expand a portion of the Capital Beltway in Fairfax County, Virginia and destroying portions of the neighborhood in McLean, Virginia where the members of the Citizens Association reside and causing other adverse environmental impacts affecting the health and safety of the community.

Defendant Capital Beltway Express LLC, ("CBE") in partnership with the Virginia Department of Transportation State Highway Administration ("VDOT"), having entered a public-private partnership agreement, have begun construction on what is known as the I-495 Northern Extension Project (the "I-495 NEXT Project" or "the Project") after receiving approval from Defendant the Federal Highway Administration ("FHWA") based on an Environmental Assessment prepared by VDOT. The construction activities that are now taking place are reshaping the landscape in Northern Virginia and far exceed the scope of the Project as originally

1

approved and were not subject to the required environmental review process in violation of the National Environmental Policy Act, 42 U.S.C. §§ 4231 et seq., ("NEPA"). In order to maintain the status quo pending a final trial on the merits, NOVA seeks an immediate order from this Court to pause the construction project now underway before further damage is done to their neighborhood and the human environment. Because Defendants have unlawfully evaded and undermined the governing environmental law that requires further review for this project in accordance with the review and decision-making procedures set forth in the National Environmental Policy Act, an injunctive remedy is necessary.

In support of their motion for preliminary injunction, Plaintiff states as follows:

1. Defendant CBE, in partnership with VDOT, has begun construction of the I-495 Express Lanes Northern Extension Project in Fairfax County, Virginia, which will extend the Capital Beltway I-495 express lanes along approximately two miles of the Capital Beltway from their current northern terminus in the vicinity of the Old Dominion Drive overpass to the George Washington Memorial Parkway in the McLean area of Fairfax County. VDOT oversees the construction of the Project and communicates with the local community about the schedule for construction activities.

2. Before beginning construction of a project or before a redesigned project may move forward, NEPA requires that actions "significantly affecting the quality of the human environment" must undergo close environmental scrutiny. 40 C.F.R. § 1502.9(d)(1). Much of the construction activity now taking place – the massive clear-cutting of trees in areas not planned for disturbance and the expansion of construction into the Plaintiff's neighborhood where it was not planned did not undergo the required environmental review in clear violation of environmental laws.

3. The original, less expansive plans for the I-495 Northern Expansion Project did

2

undergo the proper environmental review process set forth in NEPA.  VDOT prepared a detailed Revised Environmental Assessment ("EA") dated May, 2021, that it submitted to the FHWA for its review.  Based on the Environmental Assessment by VDOT, FHWA issued a Finding of No Significant Impact ("FONSI") on June 29, 2021, concluding that an Environmental Impact Statement ("EIS") was not required.  Plaintiffs are not seeking review of the June 29, 2021 FONSI, but are seeking to have the proper NEPA process followed for the new significant changes to the redesigned project that have significant environmental impacts but have not undergo the proper analysis and scrutiny required by law.

4.      Almost a year after the June 29, 2021, decision by FHWA, Defendant VDOT and its partner in the project, CBE, publicly disclosed for first time in June 2022 that they had made radical changes to the I-495 NEXT Project.  The changes, if fully implemented, would result in significantly greater environmental impacts than Defendants had revealed during the draft or final EAs.  Defendants stated in their recent disclosures that the Virginia portion of the Maryland Project includes the construction by MDOT of additional highway lanes and flyover ramps in Virginia that they planned to connect to the I-495 Northern Extension Project at the terminus of the American Legion Bridge.  These new and material modifications to the Project substantially increase the environmental impacts on the surrounding area and properties owned by NOVA's members and other residents who live near the Project.  These new, major activities, which were not a part of the original approved Project, must undergo proper environmental review and the Project should be paused while that review is conducted.

5.      In conjunction with the I-495 NEXT Project in Virginia, the Maryland Department of Transportation State Highway Administration ("MDOT") had plans to widen and add toll lanes to a 15-mile stretch of I-495 and I-270 in Maryland, from Gaithersburg, Maryland, across the American Legion Bridge, and connecting to the I-495 NEXT Project in McLean,

3

Virginia (the "Maryland Project").  Now, however, according to recent media reports,

Maryland's newly elected governor and his administration have publicly stated that the Maryland

Project may never be built.  In fact, Transurban, the parent company of CBE, and the company

selected to build and the Maryland Project, announced on March 9, 2023 that it is abandoning the

Maryland Project, casting into serious doubt the future of that project and its physical connection

to the I-495 NEXT Project.[1]

6.      This case now presents the proverbial bridge to nowhere.  Defendants have begun

construction on ramps and flyovers related to the I-495 Express Lanes Northern Extension

Project that (1) were not a part of the originally approved plan for this project and (2) may never

be used as planned.[2]  Defendants' unlawful conduct necessitates that this Court step in now to

preserve the status quo before actions are taken that cannot be undone and will forever damage

Plaintiff's neighborhood and to prevent the absurd and very real possibility that hundreds of

millions of taxpayer dollars will be spent building roads and flyovers that may never be placed in

public use.

7.      Contemporaneously with the filing of this motion, Plaintiff filed a Verified

Complaint alleging that Defendants, collectively, unlawfully amended the proposed Project

without undergoing additional environmental review in violation of the National Environmental

Policy Act.

8.      There is a substantial likelihood that Plaintiff will establish at trial that the

---

[1]  See,
https://yourir.info/resources/a50955429d255a58/announcements/tcl.asx/3A614644/TCL_Maryland_Express_Lanes_Project_update.pdf

[2] See, https://www.washingtonpost.com/transportation/2023/02/11/virginia-maryland-beltway-express-lanes/; https://www.washingtonpost.com/dc-md-va/2023/03/09/i-270-beltway-project-stalled/

collective actions of Defendants as set forth in the attached declaration and accompanying memorandum of law in support of this motion violate the National Environmental Policy Act.

9.    A preliminary injunction is necessary to preserve the *status quo* and prevent irreparable injury to NOVA, its members, and the public that would result from the continued violation of the law and destruction of the landscape described in the declaration of Steven Jasak (**Attachment 3** to Complaint). Mr. Jasak's declaration describes how NOVA and other members of the local community only recently were informed by Defendants that a major road in their neighborhood – Live Oak Drive – will soon be moved to make way for the expanded Project to further intrude into their neighborhood in ways that were never studied or approved.  Plaintiff has no other adequate remedy at law if the plans for moving the road as communicated to Plaintiff go forward, which includes the destruction of trees and the condemnation of property in the neighborhood.  The Court's ability to fashion effective relief would be significantly impaired if Defendants continue their unlawful construction activities in violation of NEPA.

10.    Any harm to Defendants from enjoining the construction activities is outweighed by their continuation of unlawful construction activities that will irreparably harm Plaintiff's health and the environment and all taxpaying citizens of the Commonwealth of Virginia.

11.    Granting the requested preliminary relief serves the public interest by conserving money spent by federal, state and local governments, as well as improving traffic conditions for the general public.  See, https://www.ctb.virginia.gov/resources/2021/april/7-i-495_express_lanes.pdf (page 5).

12.    No bond is necessary or appropriate and should not be required in this case due to the substantial public interest involved or, in the alternative, a nominal bond should be set.

13.    This motion is supported by a concurrently filed Memorandum in Support Motion for a Preliminary Injunction.

14.     A proposed Order pursuant to Fed. R. Civ. P. 65(d) setting forth the contents and

scope of the injunction is included with the filing of this Motion.

WHEREFORE, Plaintiff respectfully requests that the Defendants and all persons and

entities acting on their behalf or in concert with Defendants be enjoined from continuing

construction of any component of the I-495 NEXT Project.

March 31, 2023                                      Respectfully submitted,

                                                    __/s/ John P. Rowley III_____
                                                    John P. Rowley III
                                                    (VA Bar No. 19804)
                                                    SECIL Law PLLC
                                                    1701 Pennsylvania Ave., N.W.
                                                    Suite 200
                                                    Washington, D.C. 20006
                                                    T: +1.202.417.8652
                                                    E: jrowley@secillaw.com

                                                    Edwin Donald Elliott
                                                    (D.C. Bar No. 912766)
                                                    Earth & Water Law LLC
                                                    1455 Pennsylvania Ave, N.W.
                                                    Suite 400
                                                    Washington, D.C. 20001
                                                    e.donald.elliott@earthandwatergroup.com
                                                    Telephone: 202-256-4149
                                                    *Pro hac vice motion granted pm 3/20/2023*

                                                    John A. Sheehan
                                                    (D.C. Bar No. 403838)
                                                    Earth & Water Law LLC
                                                    1455 Pennsylvania Ave, N.W.
                                                    Suite 400
                                                    Washington, D.C. 20001
                                                    john.sheehan@earthandwatergroup.com
                                                    Telephone: 301-980-5032
                                                    *Pro hac vice motion granted on 3/20/2023*

                                                    *Counsel for Northern Virginia Citizens Association*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2023, I electronically filed the foregoing Motion for

Preliminary Injunction by using the CM/ECF system, which served all counsel of record

registered with the CM/ECF system for this case.

 _/s/ John P. Rowley III_____
 John P. Rowley III